UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

YUSUF EL-WILLIAMS,

    Plaintiff,

v.                                          Case No.  3:16cv535/LC/CJK

BRIAN SCHULTZ, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983 (doc. 1) and an "Amended Complaint" (doc. 8) which supplements plaintiff's incomplete answers to questions on the original complaint form concerning his litigation history.  Upon review of plaintiff's pleadings, the court concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

Plaintiff is an inmate of the Escambia County Jail currently being housed for Escambia County at the Walton County Jail.  (Doc. 1).  Plaintiff's Walton County Jail Inmate Number is 84803.  (Doc. 1, p. 1).  Plaintiff is suing the Walton County Jail's director, medical director, and chaplain, claiming they are violating his constitutional rights by interfering with his right to practice his faith as a Muslim, by

housing him in conditions equivalent to disciplinary confinement, and by depriving him of the ability to file grievances. (Doc. 1). Plaintiff's original complaint provides plaintiff's answers to questions concerning his litigation history (doc. 1, pp. 3-5), and his amended complaint supplements those answers by disclosing an additional case (doc. 8).

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Reviewing plaintiff's original complaint, on page three of the civil rights complaint form, Section IV(A), Previous Lawsuits, is the following question: "Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?" (Doc. 1, p. 3) (emphasis in original). Where are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), plaintiff marked "No", but then disclosed that he filed a lawsuit against the Escambia County Jail in August or September 2016. (*Id*.). Also on page three of the civil rights complaint form, Section IV(B), Previous Lawsuits, is the following question: "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?" (Doc. 1, p. 3) (emphasis in original). Where there are parenthetical areas

to mark either a "Yes" or "No" answer to Question (B), plaintiff marked "No", and disclosed no cases.  (*Id.*).

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question:  "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"  (Doc. 1, p. 4) (emphasis in original).  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked neither box, but disclosed that he filed a case in this court in 2016, naming as defendants Colonel Nash and Chaplain Leggett.  (*Id.*).  Also on page four of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question:  "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed."  (Doc. 1, p. 4) (emphasis in original).  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "Yes", but disclosed no cases.  (*Id.*).  At the end of the civil rights complaint form, plaintiff signed his name after the following

statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (Doc. 1, p. 7) (emphasis in original).

The undersigned reviewed plaintiff's original complaint and, on December 9, 2016, issued an order advising plaintiff that his answers to the questions on the complaint form concerning his litigation history were incomplete. (Doc. 7). Plaintiff was ordered to file an amended complaint supplementing his answers. (Doc. 7). Plaintiff was directed, very clearly, that his amended complaint must "disclose[ ] the number of federal cases he has filed and the identifying information for each civil case filed in a federal district or circuit court during his present or any prior period of incarceration." (Doc. 7, p. 3). Plaintiff's supplement followed, where plaintiff identifies the case number of the lawsuit he filed in this court against Colonel Nash and others in 2016: *Yusuf El-Williams, et al. v. Nash, et al.*, Case No. 3:16cv464/MCR/CJK. (Doc. 7, p. 1). That case contains plaintiff's Escambia County Jail Inmate Number, which is 0500163137. Plaintiff also discloses that he filed a lawsuit in this court "1992 on or before". (Doc. 7, p. 4). Plaintiff's supplement/amended complaint discloses no other cases.

Construing plaintiff's original complaint and amended/supplemental complaint together, plaintiff has, in effect, stated that at the time he filed this lawsuit, he had not initiated any other action in federal court – other than the cases he filed in this court in 2016 and 1992 – that related to the conditions of his confinement, that was dismissed prior to service, or that was dismissed as frivolous. As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. In light of 28 U.S.C. § 1915(g), the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The court takes judicial notice that at the time plaintiff filed his complaint in this case, he had initiated two previous actions in the federal courts that required disclosure. *See Yusuf El-Williams, et al., v. Kennedy, et al.*, Northern District of Florida Case No. 3:14cv14/LC/CJK (federal civil rights action filed by plaintiff jointly with another prisoner in 2014, while confined at the Escambia County Jail, complaining about the conditions of confinement at the jail; dismissed on January 28, 2014, prior to service, as an improper multi-prisoner case); *Yusuf El-Williams v.*

*Kennedy, et al.*, Eleventh Circuit Court of Appeals Case No. 14-10484-B (appeal from order dismissing Case No. 3:14cv14/LC/CJK; appeal dismissed as frivolous on May 30, 2014). Both cases may be positively identified as having been filed by plaintiff because they bear his name and his Escambia County Jail Inmate Number 0500163137. Plaintiff did not disclose either of these prior federal actions despite the complaint form's instructions and this court's explicit directive that all prior cases must be disclosed.

  The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 1, p. 3; Doc. 8, p. 3). If plaintiff suffered no penalty for his untruthful responses, there

would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  The court should not allow plaintiff's false responses to go unpunished.  An appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1.  That this action be DISMISSED without prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for plaintiff's abuse of the judicial process.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 11th day of January, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

*Case No. 3:16cv535/LC/CJK*